# EXHIBIT 1

OAU4AUT1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

AUTHORS GUILD, et al.,

              Plaintiffs,

         v.                           23 Civ. 8292 (SHS)OTW

OPENAI, INC., et al.,
                                      Conference
              Defendants.

------------------------------x
                                      New York, N.Y.
                                      October 30, 2024
                                      9:40 a.m.

Before:

                  HON. ONA T. WANG,

                                      U.S. Magistrate Judge

                        APPEARANCES

SUSMAN GODFREY LLP
     Interim Class Counsel for Authors Guild and Alter Class
Actions
BY:  ROHIT NATH
     CHARLOTTE LEPIC
     JORDAN CONNORS

SUSMAN GODFREY LLP
     Attorneys for The New York Times
BY:  EMILY CRONIN
     DAVIDA BROOK
     ELLIE DUPLER
     ZACH SAVAGE
     ALEXANDER P. FRAWLEY

ROTHWELL FIGG
     Attorneys for New York Times and Daily News
BY:  STEVEN LIEBERMAN
     JENNIFER MAISEL
     KRISTEN LOGAN
```

1   to move some which is to keep the current December 20th
2   deadline as the cutoff for trying to get all our documents to
3   each other, with the recognition that depositions will likely
4   extend beyond that into 2025.
5           THE COURT:  I have no problem with that.  Like I said,
6   I just said, interim deadlines I take less of a problem with.
7   I'm not going to take a position on other dates that are
8   proposed in 2025 or substantial production dates.  Right now
9   those are too far out.  I have also had other cases where the
10  parties end up fighting about what constitutes a substantial
11  production by that date, and you all have enough disputes
12  without me needing to add more.  But I agree with you,
13  Ms. Brook, that we will keep December 20th and see where we are
14  in terms of document production.
15          I will also give you a little bit of a broader,
16  general guidelines which is going to bleed into comments about
17  the general coordination of discovery.  My hope is that I will
18  be able to settle some of the multiple filings that happened
19  over the last two or three weeks.  And I don't mean settle in
20  cases like a settlement conference, but we need to turn it down
21  a little bit.  Because we are getting inundated with so many
22  words and so many filings that it's hard to keep sight of what
23  we need to be dealing with right now.  We are still fairly
24  early in the case.
25          ==I'm not going to require anybody to formally==

OAU4AUT1

==coordinate with the actions in the Northern District of California.==  What that means is that I'll keep a close watch on timing, but I don't expect that this case should be used to slow anything down in the Northern District of California, that case is going to go on its own timetable.  I also will look long and hard if something happening in the Northern District of California is being used to try to slow things down here.  All right.  There are cases here, and they are going to move.  As I understand it, and having read the opinion, we are on different timelines.  We're on different tracks.  There are pending motions to dismiss here that haven't been decided.  So we are in a different place, and we are moving on discovery.

And that brings me to my general principles that I want to talk about today.  I am all in favor of cross production of documents, of sharing or cross production of testimony for efficiency purposes.  What that involves -- and this is not a limiting example, this is just an example.  You don't have to ask the same pedigree questions over and over again.  You don't need to ask basic background questions over and over again and document requests, interrogatories, or depositions.  You don't have to make a general requests and redo searches and production.  However, prior production should not be used as an "ah ha" opportunity to prevent, preclude, or delay inquiry into otherwise relevant professional areas.  I will impose costs under 37(a)(5) if I find that a party is

1   about what's relevant and proportional to produce, there
2   shouldn't be a time to limit the numbers or length of
3   depositions.  You're disagreeing about custodians for document
4   production.  I'm not sure how that enables anybody to make an
5   informed decision about who should or shouldn't be deposed or
6   for how long or how many times.
7          What I will tell you is that I will follow Rule 30.  ==I
8   will not presumptively limit witness depositions.==  Again, I
9   encourage you to work together and to tailor what you learn to
10  tailor your depositions and your deposition plan from what
11  you've learned from document review just like any other case.
12  It's just a big case.  I don't want to invite multiple motions
13  to reopen or extend deposition time.  But at the same time, if
14  the parties can't agree, I will take a look at that.  Because I
15  understand that we are still at a point where the parties may
16  learn things during a deposition or at a deposition that may
17  result in the need to recall a witness for more deposition or
18  extend some time for another witness because it suddenly turns
19  out that somebody finds that there was somebody who are more
20  involved than they thought there were, for example.
21         General guidelines when I have done this before is if
22  there is a motion, it's got to follow the principles under Rule
23  30 which also means I need to see the whole deposition, not
24  just the snippets of the deposition so I understand the
25  context.